1   JAE K. PARK (SBN 234474)
    jae.park@dentons.com
2   NORMAN M. ASPIS (SBN 313466)
    norman.aspis@dentons.com
3   DENTONS US LLP
    4655 Executive Drive, Suite 700
4   San Diego, CA 92121
    Telephone:   619 236 1414
5   Facsimile:   619 232 8311

6   Attorneys for Defendant
    XL INSURANCE AMERICA, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11

12  OLD REPUBLIC INSURANCE                Case No. **'22 CV 0394 H     JLB**
    COMPANY,
13                                        San Diego County Superior Court Case
                                          No. 37-2022-00005140-CU-IC-CTL
14              Plaintiff,

15        v.                              **DEFENDANT XL INSURANCE
                                          AMERICA, INC.'S NOTICE OF
16  XL INSURANCE AMERICA, INC.;           REMOVAL AND REMOVAL OF
    DOES 1-100, inclusive,                ACTION TO THE UNITED STATES
17                                        DISTRICT COURT FOR THE
                Defendant.                SOUTHERN DISTRICT OF
18                                        CALIFORNIA UNDER 28 U.S.C.
                                          §§ 1332, 1441, AND 1446**

19

20

21

22

23

24

25

26

27

28

                                 1
                                              Defendant XL Insurance America Inc.'s
                                          Notice of Removal and Removal of Action

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

2    **FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO ALL**

3    **PARTIES AND THEIR COUNSEL OF RECORD:**

4         **PLEASE TAKE NOTICE** that Defendant XL Insurance America, Inc.

5    ("XL" or "Defendant"), by and through its undersigned counsel of record, hereby

6    files this Notice of Removal of the action ("Action"), which was originally filed

7    and is pending in the Superior Court of California, County of San Diego ("Superior

8    Court"), Case No. 37-2022-00005140-CU-IC-CTL, and removes the action from

9    the Superior Court to the above-captioned Court.  As set forth below, diversity

10   jurisdiction exists because there is complete diversity among the parties on each

11   side of the controversy and the amount in controversy exceeds $75,000, exclusive

12   of costs and interest, pursuant to 28 U.S.C. § 1332(a).

13        The removal is based upon 28 U.S.C. §§ 1332(a), 1441(b), and 1446, and

14   specifically on the following grounds:

15                              **INTRODUCTION**

16        1.    On February 9, 2022, Plaintiff Old Republic Insurance Company

17   ("Plaintiff" or "Old Republic") filed a complaint ("Complaint") in the Superior

18   Court entitled <u>Old Republic Insurance Company v. XL Insurance America, Inc., et

19   al.</u>, San Diego Super. Ct. Case No. 37-2022-00005140-CU-IC-CTL, thereby

20   initiating the Action.  <u>See</u> concurrently filed Declaration of Jae K. Park ["Park

21   Decl."] ¶ 2, Ex. A.  Plaintiff's Complaint sets forth three causes of action for:

22   (1) Declaratory Relief; (2) Equitable Contribution; and (3) Equitable Subrogation.

23        2.    Plaintiff's allegations in its Complaint arise out of a purported dispute

24   concerning the applicability of insurance coverage under two separate policies for

25   events and circumstances underlying certain personal injuries relating to the

26   consumption of ground beef that was allegedly contaminated.  <u>See id.</u> Ex. A, ¶¶ 6-

27   8; 11-22.

28

Defendant XL Insurance America Inc.'s
                                         Notice of Removal and Removal of Action

3.     Plaintiff served the Complaint upon the Defendant on February 22, 2022.

4.     Defendant filed an answer to the Complaint on March 24, 2022 in the Superior Court, generally and specifically denying each and every allegation and purported cause of action contained therein.  Id., ¶ 3, Ex. B.

## GROUNDS FOR REMOVAL

5.     Defendant was served with Plaintiff's Summons and Complaint on February 22, 2022 (see Park Decl., Ex. A).  Accordingly, this Notice of Removal is timely filed within 30 days of service of the initial pleadings as required by 28 U.S.C. § 1446(b).

6.     Pursuant to 28 U.S.C. § 84(d), the United States District Court for the Southern District of California is the federal district encompassing the Superior Court, where the Action was originally filed.  Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

7.     This Action may be removed pursuant to 28 U.S.C. § 1441(a) on the grounds that this Court has original jurisdiction over this Action under 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     Copies of all process, pleadings, orders, and other papers received by Defendant in connection with the Action are attached as exhibits to the Declaration of Norman M. Aspis.  See 28 U.S.C. § 1446(a).

**A.     Complete Diversity of Citizenship**

9.     Diversity jurisdiction is determined based on the facts as they existed at the time the complaint was filed.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).

10.    For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

Defendant XL Insurance America Inc.'s
Notice of Removal and Removal of Action

1    11.    Based on the allegations in the Complaint, Plaintiff was at the time of

2  the filing of the Complaint and at all relevant times since a Pennsylvania

3  corporation with its principal place of business in Illinois.  Park Decl. Ex. A, ¶ 1.

4  Therefore, Defendant is informed and believes that Plaintiff is a citizen of

5  Pennsylvania and Illinois for the purpose of determining diversity jurisdiction under

6  28 U.S.C. § 1332(c)(1).

7    12.    Defendant is, and was at the time Plaintiff commenced the Action, a

8  Delaware corporation with its principal place of business in Connecticut.  Park

9  Decl. ¶ 4.  Therefore, Defendant is a citizen of Delaware and Connecticut for the

10  purpose of determining diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

11    13.    Pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants sued

12  under fictitious names shall be disregarded."  Accordingly, the citizenship of

13  Does 1-100 will be disregarded for purposes of this Notice of Removal.

14    14.    Accordingly, this Action involves "citizens of different States."  28

15  U.S.C. § 1332(a)(1)-(2).  Because Plaintiff is a Pennsylvania and Illinois citizen and

16  no defendant properly joined and served is a citizen of Pennsylvania or Maryland,

17  removal of this Action is proper under 28 U.S.C. § 1441(b).

18    **B.    Amount in Controversy Exceeds $75,000**

19    15.    For purposes of removal, a removing defendant need only show that

20  the amount in controversy "more likely than not" exceeds the jurisdictional

21  minimum of $75,000.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404

22  (9th Cir. 1996).  When the amount in controversy is not clearly specified in the

23  complaint, the court may consider facts in the complaint as well as in the removal

24  petition.  Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002);

25  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); accord

26  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that

27  the Court "found no case in any other circuit that purports to prohibit a district court

28  from employing its judicial experience or common sense in discerning whether the

Defendant XL Insurance America Inc.'s
Notice of Removal and Removal of Action

allegations in a complaint facially establish the jurisdictionally required amount in controversy.").

16.     It is apparent in the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of interest and costs.  Plaintiff alleges it is entitled to and seeks declaratory relief from Defendant for, among other things, "full reimbursement for all of the amounts Old Republic paid for Sodexo's defense in the Personal Injury Actions." Park Decl. Ex. A, Prayer for Relief ¶ 2.  These "Personal Injury Actions" are ten actions filed by US Marine recruits who contracted and suffered severe illnesses from contracting *E. coli*.  Park Decl. Ex. A, ¶¶ 6-7.  Old Republic repeatedly and emphatically states throughout the Complaint that it has already paid "significant sums for fees and costs on Sodexo's behalf" in the defense of these actions.  Id. Ex. A, ¶¶ 22, 32.  These sums include, but are not limited to, the costs to settle certain of the Personal Injury Actions that have already been resolved, which sums, in the aggregate, and in combination with those sums that would be necessary to satisfy pending settlement demands in the active Personal Injury Actions, well exceed $75,000.

17.     In an action for declaratory relief, where "the applicability of . . . liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action."  Tomlinson ex rel. Young v. Geico Gen. Ins. Co., 433 Fed. Appx. 499, 501 (9th Cir. 2011) (citing Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997)).  Plaintiffs in each of the underlying Personal Injury Actions allege serious illness and permanent damage as a result of alleged tortious actions by Old Republic's insured, Cargill Meat Solutions, and XL's insured, Sodexo Management, Inc. ("Sodexo").  Park Decl. ¶ 5. Each plaintiff in the underlying actions alleges serious illness and permanent damage as a result of alleged tortious actions by Sodexo.  Id.  Thus, the potential value of the underlying tort actions exceed the jurisdictional minimum of $75,000.  See Campbell v. Bridgestone/Firestone, Inc., No. CIVF051499, 2006 WL

Defendant XL Insurance America Inc.'s
Notice of Removal and Removal of Action

1  707291 at *2 (E.D. Cal. Mar. 17, 2006) (apparent from complaint that amount in

2  controversy met where plaintiffs asserted strict products liability, negligence, and

3  breach of warranty claims against multiple defendants and complaint sought

4  compensatory damages from wage loss, hospital and medical expenses, general

5  damages, and loss of earning capacity); Bailey v. J.B. Hunt Transp., Inc., No. 06-

6  240, 2007 WL 764286 at *6 (E.D. Pa. Mar. 8, 2007) (finding amount in controversy

7  requirement satisfied where complaint alleged a "litany of serious, permanent

8  injuries," "surgeries and treatments" and "the alleged permanent impairment of

9  [the] ability to enjoy life's activities"); McCoy v. Gen. Motors Corp., 226 F. Supp.

10  2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege

11  serious, permanent injuries and significant medical expenses, it is obvious from the

12  face of the complaint that the plaintiffs' damages exceeded the jurisdictional

13  amount"); Quinn v. Kimble, 228 F. Supp. 2d 1036, 1037-38 (E.D. Mo. 2002)

14  (despite plaintiffs' assertion that their total damages did not exceed $75,000, the

15  court held that it was "facially apparent" that the amount in controversy was met

16  where plaintiffs alleged that they "suffered head, neck, and back injuries; incurred

17  medical expenses and will incur further such expenses; [and] have permanent,

18  progressive, and disabling injuries"); Knight v. Kellog Brown & Root, Inc., No. 06-

19  11164, 2007 WL 2265206 at *3 (E.D. La. Aug. 6, 2007) ("[G]iven [plaintiff's]

20  assertion regarding her injuries, including the necessity of two surgeries,

21  implantation of hardware and screws, physical therapy, mental anguish, and a

22  resulting permanent disability, the Court find[s] that it is 'facially apparent' from

23  the petition that the amount in controversy likely exceeds the jurisdictional

24  amount").

25       18.    Thus, while Defendant denies any liability to Plaintiff, the Complaint's

26  allegations and request for damages plainly place more than $75,000 in

27  controversy.

28

Defendant XL Insurance America Inc.'s
Notice of Removal and Removal of Action

## NOTICE TO PLAINTIFF AND SUPERIOR COURT

19.    Contemporaneously with the filing of this Notice of Removal, Defendant will serve on Plaintiff and will file with the Clerk of the Superior Court a written "Notice to the Clerk of the San Diego Superior Court and Plaintiff of Filing of Notice of Removal of Civil Action to Federal Court," attaching a copy of this Notice of Removal and all supporting papers.  See 28 U.S.C. § 1446(d).

20.    Defendant, by filing this Notice of Removal, does not waive any defenses or objections available to it under law or equity.  Defendant has satisfied all other requirements for removal and reserves the right to amend this Notice of Removal.  If any questions of the propriety of this removal should arise, Defendant requests the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendant requests that the above-captioned Action pending in the Superior Court be removed to this Court.

Dated:  March 24, 2022

Respectfully submitted,

DENTONS US LLP

By:    *s/Jae K. Park*
Jae K. Park

Attorneys for Defendant
XL INSURANCE AMERICA, INC.
E-mail: jae.park@dentons.com

US_Active\120563982\V-2

Defendant XL Insurance America Inc.'s
Notice of Removal and Removal of Action