UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>v.<br><br>XL INSURANCE AMERICA, INC.,<br><br>                              Defendant. | Case No.:  22-cv-00394-WQH-BGS<br><br>**ORDER:**<br>**(1) GRANTING JOINT MOTION [ECF 10]; AND**<br><br>**(2) CONTINUING EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

On April 20, 2022, the parties filed a Joint Motion requesting to continue the dates and deadlines in the Court's Order Resetting the Early Neutral Evaluation Conference and Case Management Conference ("ENE/CMC"). (ECF No. 10.) The parties represented that "Counsel for both Parties have conferred and agree upon this continuance, which is based upon Defendant's counsel's unavailability to attend the mandatory ENE/CMC given a pre-planned international vacation from June 13 through June 24, 2022." (*Id.* at 2.)

Accordingly, the Court **GRANTS** the parties Joint Motion (ECF No. 10) and **CONTINUES** the ENE/CMC from June 15, 2022 until **July 1, 2022** at **2:00 PM** before Magistrate Judge Bernard G. Skomal.  The conference will be held by **video conference**.

<a>
</a>
<a>
</a>
<a>
</a>
<a>
</a>

Instructions regarding the videoconference are included below.  To facilitate this modification, the Court hereby ORDERS as follows:

**The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

1. **<u>Purpose of Conference:</u>**  The purpose of the Early Neutral Evaluation Conference ("ENE") is to hold a serious discussion of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be off the record, privileged and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

2. **<u>Personal Appearance of Parties Is Required:</u>**  All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the ENE.[1]  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.  Other parties seeking permission to be excused from attending the ENE must follow the procedures outlined in Judge Skomal's Chambers' Rules.  (*See* Judge Skomal's Chambers' Rules II.C.)  Failure of any of the above parties to appear at the ENE conference without the Court's permission will be grounds for sanctions.  The principal

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  *Id.* at 486.  A limited or a sum certain of authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

attorneys responsible for the litigation must also be present and prepared to discuss all of the **legal and factual** issues in the case.

3. **Confidential ENE Statements Required:**  No later than **June 17, 2022**, the parties must submit confidential statements of seven pages or less directly to Judge Skomal. Please also attach relevant exhibits. The statement must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter.  Statements do not need to be filed or served on opposing counsel.  The statement must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the ENE.  The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **ENE statements must be emailed to efile_Skomal@casd.uscourts.gov.**

4. **New Parties Must Be Notified by Plaintiff's Counsel:**  Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

5. **Case Management Conference:**[2]  Any objections made to initial disclosures pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A)-(D) are overruled, and the parties are ordered to proceed with the initial disclosure process.  Any further objections to initial disclosures will be resolved as required by Rule 26 and Judge Skomal's Chambers' Rules regarding discovery disputes.  Accordingly:

   a. The date of initial disclosure pursuant to Rule 26(a)(1)(A–D) shall occur before **June 10, 2022**;

   b. A Joint Discovery Plan shall be filed on the CM/ECF system as well as lodged with Magistrate Judge Skomal by delivering the plan directly to chambers or by emailing it to efile_skomal@casd.uscourts.gov, on or before **June 17, 2022**. The plan must be one document and must explicitly cover the parties' views and proposals for each item

---

[2] The Court does not reset the deadline to complete the Rule 26(f) conference, since that deadline has already passed on April 8, 2022.  (ECF No. 5 at 5.)

identified in Fed. R. Civ. P. 26(f)(3). Agreements made in the Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order.

In cases involving significant document production or any electronic discovery, the parties must also include the process and procedure for "claw back" or "quick peek" agreements as contemplated by Fed. R. Evid. 502(d). The parties should also address whether an order providing for protection under Rule 502(e) is needed.

Finally, the parties must thoughtfully meet and confer about electronic discovery and include answers to the following questions in the Discovery Plan:

    i. Are there any preservation issues? If so, what are they and how are the parties addressing the issues;

    ii. What form of production have the parties agreed to? Are there any disputes with respect to the parties' preferred form of production? What is the parties' positions respecting Metadata;

    iii. Are there any proportionality issues? Specifically address Rule 26(b)(2)(B) relating to inaccessible electronically stored information ("ESI");

    iv. What have the parties decided regarding the methodologies for identifying ESI for production? For instance, will the parties conduct key word searching, use predictive coding, or other advanced culling techniques.

In the event the case does not settle at the ENE, a Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b) will be held at the conclusion of the settlement conference.

    6. **Requests to Continue an ENE Conference:** Requests to continue ENEs are rarely granted. The Court will, however, consider formal motions to continue an ENE when extraordinary circumstances exist and the other party has no objection. If another party objects to the continuance, counsel for both parties must call chambers and discuss

the matter with the research attorney/law clerk assigned to the case before any motion may be filed.  **Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference.  Requests to continue the ENE based on preexisting scheduling conflicts must be raised within 10 days of the Court's issuance of this Order.**

7. **Settlement Prior to ENE Conference:**  The Court encourages the parties to work on settling the matter in advance of the ENE Conference.  In the event that the parties resolve the matter prior to the day of the conference, the following procedures must be followed before the Court will vacate the ENE and excuse the parties from appearing:

A. The parties may file a Joint Motion to Dismiss and submit a proposed order to the assigned district judge.  If a Joint Motion to Dismiss is filed, the Court will immediately vacate the ENE;

B. If the parties settle more than 24 hours before the conference but are not able to file a Joint Motion to Dismiss, they must file a Joint Notice of Settlement containing the electronic signatures of counsel for all settling parties and must also identify a date by which the Joint Motion to Dismiss will be filed;

C. If the parties settle less than 24 hours before the conference, counsel for the settling parties must JOINTLY call chambers and inform the Court of the settlement and receive Court permission to not appear at the ENE.

**Zoom Video Conference Instructions:**

8. The Court will use its official Zoom video conferencing account to hold the ENE. IF YOU ARE UNFAMILIAR WITH ZOOM: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[3]  Joining a Zoom conference does not require creating

---

[3] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

1  a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[4]  There is a cost-free option for creating a Zoom account.

9. Prior to the start of the ENE, the Court will email counsel for each party an invitation to join a Zoom video conference that they must provide to participating client(s). The Court will send the invitation to the email addresses listed for counsel in the case docket.  If counsel does not receive an invitation to join the Zoom video conference by **June 30, 2022**, please email chambers at **efile_skomal@casd.uscourts.gov**. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding. Zoom may then prompt participants to enter the password included in the invitation.[5] All participants will be placed in a waiting room until the ENE begins.

10. Each participant should plan to join the Zoom video conference at least five minutes before the start of the ENE to ensure that the ENE begins promptly at 2:00 PM. The Zoom e-mail invitation may indicate an earlier start time, but the ENE will begin at the Court-scheduled time.

11. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE. The Court may divide participants into separate,

---

[4] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[5] A Meeting ID will also be included and may be used along with the password to access the conference if necessary.

confidential sessions, which Zoom calls Breakout Rooms.[6] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

12. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, *i.e.*, cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

Questions regarding this case or the mandatory guidelines set forth herein may be directed to Judge Skomal's research attorney at (619) 557-2993.  Please consult Judge Skomal's rules, available on the Court's website, before contacting chambers with your questions.

**IT IS SO ORDERED**.

Dated:  April 25, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646